**AFFIRM; and Opinion Filed October 21, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-16-00746-CR

### EX PARTE DOUGLAS ARTHUR MCCORMICK

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-81830-2015**

## MEMORANDUM OPINION
Before Chief Justice Wright, Justice Fillmore, and Justice Brown
Opinion by Justice Brown

Douglas Arthur McCormick is charged with the offense of online impersonation. The indictment alleged that appellant intentionally and knowingly used T.M.J's name or persona to create a web page, without obtaining T.M.J's consent, and with the intent to harm, defraud, intimidate, or threaten T.M.J. *See* TEX. PENAL CODE ANN. § 33.07(a) (West Supp. 2016). Appellant filed a pretrial application for writ of habeas corpus challenging the constitutionality of section 33.07(a). The trial court denied relief on appellant's application after a hearing. In three issues, appellant contends section 33.07(a) is facially unconstitutional because it is: (1) overbroad in violation of the First Amendment; (2) too vague to satisfy the Fifth and Fourteenth Amendments; and (3) violates the Dormant Commerce Clause.

In his first issue, appellant contends section 33.07(a) is facially unconstitutional under the First Amendment because it is overbroad, restricts a substantial amount of protected speech based on the content of the speech, and cannot pass the strict scrutiny test. In his second issue,

appellant argues the statute is facially unconstitutional for vagueness. He specifically challenges the statute's use of an "all encompassing 'harm' standard," and argues that the definition fails to provide persons of ordinary intelligence with fair notice of what the statute prohibits and authorizes or encourages seriously discriminatory enforcement. In his third issue, appellant argues the statute violates the Dormant Commerce Clause because it unduly burdens interstate commerce by attempting to place regulations on Internet users everywhere.

We have recently decided these exact issues in a similar case. *See Ex parte Bradshaw*, No. 05-16-00570-CR, 2016 WL 4443714, at \*6 (Tex. App.—Dallas Aug. 23, 2016, no pet. h.). In that case, the appellant used the persona of another, without that person's consent, to establish multiple online profiles containing identifying personal information, including the victim's cell phone number, and to post or send one or more messages on an Internet website with the intent to harm the victim. *Id*. We concluded that section 33.07(a) was not overbroad or vague and did not violate the Dormant Commerce Clause. *Id*.; *see also State v. Stubbs*, No. 14-15-00510-CR, 2016 WL 4217837, at \*1–13 (Tex. App.—Houston [14th Dist.] Aug. 9, 2016, no pet. h.). Accordingly, we overrule appellant's three issues.

We affirm the trial court's order denying relief on appellant's pretrial application for writ of habeas corpus.


/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

160746F.U05

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE DOUGLAS ARTHUR
MCCORMICK

No. 05-16-00746-CR

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-81830-2015.
Opinion delivered by Justice brown, Chief
Justice Wright and Justice Fillmore
participating.

Based on the Court's opinion of this date, the trial court's order denying the relief sought by the pretrial application for writ of habeas corpus is **AFFIRMED**.

Judgment entered this 21st day of October, 2016.